MICHELE BECKWITH
Acting United States Attorney
WHITNEE GOINS
SHEA J. KENNY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE COLTON,<br><br>Defendant. | CASE NO. 2:24-CR-00029-DAD<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT<br><br>DATE: June 23, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

Defendant Kyle Travis Colton ("Defendant") is a prolific collector of child sexual abuse material ("CSAM"), whose computer contained graphic depictions of the sexual abuse of children. Defendant received and possessed CSAM over a long period of time, from at least 2010 through 2023. His collection included material he downloaded from various periods of his life, including while he was an elementary school teacher overseas in China and while he lived in the Eastern District of California.

On February 15, 2024, Defendant was indicted in the Eastern District of California on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). ECF 1. Trial starts on July 15, 2025. ECF 53. On June 8, Defendant filed a motion to dismiss the Indictment on the theory that the charge is covered by the President's January 20, 2025, Executive Order, "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or near the United States Capitol on January 6, 2021" ("Presidential Pardon"). *See* Mot. to Dismiss, ECF 51. The United States opposes the Motion to Dismiss. Defendant's pardon for offenses related to events that occurred at or

near the U.S. Capitol on January 6, 2021, does not cover his charge of receiving child pornography.  As such, this Court should deny Defendant's Motion to Dismiss.

## I.   **BACKGROUND**

Evidence from this investigation shows that Defendant downloaded, searched for, and/or possessed CSAM dating back to as early as 2010.  Defendant engaged in this activity while he was working abroad as a teacher in China.  He continued to engage in this activity up to at least December 2023.  The videos and images found on Defendant's computer include depictions of an adult male raping a female infant, bondage involving a prepubescent child, prepubescent children performing oral sex on adult men and women, videos of children watching CSAM, and prepubescent children engaged in other sexually explicit conduct with adults and other children.

Defendant participated in the January 6, 2021 events at the U.S. Capitol building in Washington, D.C.  As part of an investigation into those events, law enforcement executed a search warrant authorizing the search of Defendant's home and devices for evidence of crimes.  *See* ECF 26-1 (affidavit in support of search warrant for Defendant's residence).  On December 13, 2023, Defendant was charged in the District of Columbia with charges related to his conduct at the U.S. Capitol on January 6.  *See United States v. Colton*, 1:24-cr-00431-RDM-1 (D.D.C.), at Dkt. No. 1.

While executing the residential search warrant, law enforcement encountered indicia of CSAM on Defendant's laptop.  On January 10, 2024, law enforcement obtained a separate search warrant to search the laptop for evidence of CSAM-related crimes.  While executing the separate warrant, law enforcement discovered over 2,500 CSAM images and videos on Defendant's laptop.

In February 2024, Defendant was indicted in this district on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), for knowingly receiving child pornography beginning no later than on or about July 2, 2022, and continuing through on or about December 24, 2023.  ECF 1.

In October 2024, Defendant pleaded guilty to the charges in the District of Columbia that were based on his conduct at the Capitol on January 6, 2021.  *See United States v. Colton*, 1:24-cr-00431-RDM-1 (D.D.C), Oct. 2, 2024 Minute Entry.  Prior to sentencing, the President issued the Presidential Pardon, which stated, among other things, that it "grant[ed] a full, complete and unconditional pardon

to all other individuals convicted of offenses related to events that occurred at or near the United

States Capitol on January 6, 2021." Presidential Pardon, 90 Fed. Reg. 8331 (Jan. 20, 2025). As a

result, Defendant's District of Columbia case was dismissed. *See United States v. Colton*, 1:24-cr-

00431-RDM-1 (D.D.C), Jan. 21, 2025 Minute Entry.

Throughout, Defendant was downloading, searching for, and/or possessing CSAM. Defendant's

collection began at least 11 years prior to the events of January 6, 2021, and continued well after.

Indeed, he was accessing CSAM as recently as December 2023, when he was arrested on the District of

Columbia charges.

## II.     ARGUMENT

### A.     Defendant Was Pardoned Only for "Certain Offenses Relating to Events at or near the United States Capitol on January 6, 2021."

When interpreting the scope of a pardon, courts look to ordinary tools of statutory interpretation.

*United States v. Matassini*, 565 F.2d 1297, 1302 (5th Cir. 1978). Thus, the Court must begin with the

language of the pardon itself. *See Andrews v. Warden*, 958 F.3d 1072, 1078 (11th Cir. 2020 ("The text

of President Obama's commutation order governs our review.") (citing Antonin Scalia & Bryan A.

Garner, *Reading Law: The Interpretation of Legal Texts* § 2, at 56 ("The words of a governing text are

of paramount concern, and what they convey, in their context, is what the text means.")). So long as the

language of the pardon is clear, it should be interpreted and enforced according to its plain meaning. *See*

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) ("The task of resolving the dispute

over the meaning of [a statute] begins where all such inquiries must begin: with the language of the

statute itself. In this case it is also where the inquiry should end, for where, as here, the statute's

language is plain, the sole function of the courts is to enforce it according to its terms.") (internal

citations and quotation marks omitted).

The President's Executive Order, "Granting Pardons and Commutation of Sentences for Certain

Offenses Relating to the Events at or near the United States Capitol on January 6, 2021," granted

clemency of different types to two different classes of individuals. Presidential Pardon, 90 Fed. Reg.

8331 (Jan. 20, 2025). Subsection (a) of the Executive Order commuted the sentences of fourteen

individuals to "time served." *Id.* Defendant was not one of those individuals. Subsection (b) of the

Executive Order, which covered Defendant's District of Columbia case, pardoned "all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." *Id.* That subsection applied to Defendant, but pardoned him only for offenses related to events that occurred at or near the United States Capitol on January 6, 2021. It did not cover the child pornography offense charged in this case because is not an "offense[] related to events that occurred at or near the United States Capitol on January 6, 2021."

Defendant has been charged in the instant case with knowingly receiving child pornography in the Eastern District of California, beginning at a date no later than on or about July 2, 2022, and continuing through on or about December 14, 2023. ECF 1. That receipt substantially postdates the events at the Capitol on January 6, 2021, and has no significant connection to those events. As such, the instant receipt of child pornography charge is not an offense "related to events" at the Capitol on January 6 and is not covered by the pardon. Although the offense was initially discovered by law enforcement when searching an electronic device seized pursuant to a search warrant in the January 6 investigation, the charged conduct in the instant case covers a much broader period, *i.e.*, on or about July 2, 2022, through on or about December 14, 2023. Furthermore, evidence gathered in the independent investigation into Defendant's child exploitation offenses shows that Defendant was downloading, searching for, and/or possessing CSAM dating back to as early as 2010.

Defendant attaches to his Motion to Dismiss a brief filed by the government in the District of Columbia in the matter of *United States v. Wilson*, Case No. 23-CR-427. *See* Motion to Dismiss at p. 2 & Ex. A. In that case, the defendant moved pursuant to 28 U.S.C. § 2255 to dismiss his convictions for firearm offenses resulting from firearms recovered by law enforcement while executing a search warrant in the January 6 investigation. The government did not oppose the defendant's motion. *See id.* The government noted that, where the basis of a conviction is a firearm recovered pursuant to a residential search warrant based on conduct related to January 6, the Presidential Pardon includes the resulting firearm conviction. *See id.* However, that is not analogous to the instant case, which involves a prolonged period of child exploitation and a continuous period of interaction with outsiders, long before and after January 6, 2021, to obtain child pornography.

Although there is no presumptive reason to believe that a firearm in the confines of someone's

home would have been discovered without a search warrant for the January 6 events, the same is not true of the extensive online activity here, which became the subject of a separate and extensive investigation, that would have been unnecessary in a case limited to firearm possession at the time a January 6-related search warrant was executed.  And unlike a firearm-possession offense, Defendant's child exploitation offense involved human victims whose abuse was recorded and then shared online between Defendant and other sexual abusers.  Many of the CSAM images in Defendant's possession involved abuse that occurred long before January 6, 2021.  Defendant effectively re-victimized these same children at least between 2010 and 2023.  *See, e.g.*, Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109–248, § 501(1)(A), (2)(D), 120 Stat. 587, 623–24 (2006) ("Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse."); Effective Child Pornography Prosecution Act, Pub. L. No. 110-358, § 102(3), 122 Stat. 4001 (2008) ("Child pornography is a permanent record of a child's abuse and the distribution of child pornography images revictimizes the child each time the image is viewed.").

Defendant's argument is also misguided because the items to be seized by the initial search warrant here were tethered to the events of January 6, unlike CSAM evidence.  For example, Attachment B to the initial search warrant for Defendant's residence authorized the seizure of, among other things, "weapons and elements used to breach the building or to counter efforts by law-enforcement."  *See* ECF 26-1, at p. 60.  Thus, law enforcement was specifically looking for items like weapons, including firearms.  By contrast, the initial warrant did not authorize—and law enforcement were not seeking—evidence related to the sexual exploitation of children.  Rather, in Defendant's case, law enforcement observed indicia of child exploitation in plain view while executing the January 6 warrant and obtained an additional warrant, ultimately resulting in the separate CSAM investigation and instant indictment.  This again illustrates how attenuated the charged conduct in the instant case is from the "events that occurred at or near the United States Capitol on January 6, 2021," notwithstanding the fact that Defendant's computer was initially seized as a result of the investigation for his January 6-related conduct.

### III.    <u>CONCLUSION</u>

Simply put, Defendant's child sexual exploitation offense cannot be deemed an "offense[]

related to events that occurred at or near the United States Capitol on January 6, 2021." Presidential

Pardon, 90 Fed. Reg. 8331 (Jan. 20, 2025). Thus, the Presidential Pardon on its face does not cover

Defendant's conduct in the instant case. The government respectfully requests the Court deny

Defendant's Motion to Dismiss the Indictment.

Dated: June 16, 2025

MICHELE BECKWITH
Acting United States Attorney

By:  /s/ WHITNEE GOINS
    & SHEA J. KENNY
WHITNEE GOINS
SHEA J. KENNY
Assistant United States Attorneys

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT